SENECA LINCOLN *vs.* THE TAUNTON COPPER MANUFACTURING COMPANY.

A motion to dismiss an action commenced in this court will not be sustained, merely because the affirmation on the writ, under *St.* 1840, *c.* 87, § 1, does not appear to have been made before service of the writ. If not in fact so made, the defendant must aver it by a plea to the jurisdiction, upon which the question of fact can be tried.

In such case the indorsement on the writ, " I, the plaintiff, solemnly affirm that the matter sought to be recovered in the writ, actually exceeds in amount $300, S. L.," followed by this certificate; " Subscribed and affirmed before me, N. M. justice of the peace," is sufficient.

THIS was an action of tort commenced in this court, October 15th, 1851, alleging that the defendants, by the manufacture of copper at a water-mill upon a certain river in Norton, so corrupted and poisoned the water thereof as to render it unfit for use, either for watering the plaintiff's cattle or irrigating his lands. The writ bore this indorsement: " I, Seneca Lincoln, the within-named plaintiff, solemnly affirm that the matter sought to be recovered in the within writ, actually exceeds in amount or value the sum of three hundred dollars. Seneca Lincoln. Bristol, ss. Subscribed and affirmed before me, N. Morton, justice of the peace." After verdict for the plaintiff, the defendants moved to dismiss the action, because no sufficient oath or affirmation was indorsed thereon, to give this court original jurisdiction, under *St.* 1840, *c.* 87, § 1; which question *Bigelow*, J. reserved for the whole court.

*E. H. Bennett*, (*T. D. Eliot* with him,) for the defendants. The affirmation on the writ was not sufficient, since it does not appear to have been made " before service of the writ," as the *St.* 1840, *c.* 87, § 1, requires. *Ives* v. *Hamlin*, 5 Cush. 534.

It does not appear that the person making the affirmation was either a Quaker or other person having conscientious scruples against taking an oath; and no other person is allowed to affirm. Rev. Sts. c. 94, §§ 9, 10. The affirmation was not made " sincerely," nor under " the pains and penalties of perjury," as required by Rev. Sts. c. 94, § 9. The plaintiff, therefore, could not be convicted of perjury thereon. See also St. 1797, c. 35, § 9; St. 1810, c. 127, § 9; Geo. IV. c. 32; 3 & 4 Will. IV. c. 49; Roscoe, Crim. Ev. 132; Regina v. Doran, 2 Moody, C. C. 57; Miller v. Salomons, 7 Welsb. Hurl. & Gord. 475.

B. Sanford, (N. Morton with him,) for the plaintiff.

BIGELOW, J.[*]  We are inclined to the opinion that the motion to dismiss in this case comes within the terms of St. 1852, c. 312, § 22, by which it is provided that after an answer to the merits of an action, no defect in the writ shall be deemed to affect the jurisdiction of the court. But it is not necessary to decide the case on this ground, because we are of opinion that the reasons on which the defendants seek to sustain their motion are not well founded.

It is a familiar rule that a motion to dismiss can be sustained only for matter apparent on the record. If a defect in a writ arises from facts which do not appear on its face, they must be averred by plea, so that the plaintiff can, if he so elects, take issue thereon, in which case they must be supported by proof. Unless, therefore, in this case the certificate of the affirmation required by St. 1840, c. 87, § 1, is bad on its face, the motion to dismiss the action for want of jurisdiction cannot be sustained. The first objection on which the defendants rely is, that it does not appear that the affirmation was made before service of the writ. But it does not appear that it was not, nor can the court presume it to have been made afterwards. So far as any presumption can be made, it would rather be, that it was correctly and properly done, on the familiar principle that *omnia rite esse acta presumuntur.* But the decisive answer to the objection is, that it is not necessary that

---

[*] THOMAS and MERRICK, JJ. did not sit in this case.

it should appear on the certificate when the affirmation was made. It may be shown by parol proof to have been made, according to the requirement of the statute, before service of the writ. *Ives* v. *Hamlin,* 5 Cush. 534. We cannot say, therefore, that the writ is bad on its face for this cause. It may or may not be defective, according as the fact may be made to appear as to the time when the affirmation was taken. If the defendants relied on the fact that it was made too late, they should have averred it by an answer to the jurisdiction. But as the case now stands, there is no such defect apparent on the record as will support a motion to dismiss the action on this ground. *Rathbone* v. *Rathbone,* 4 Pick. 89.

The other ground on which the motion is founded is, that it does not appear that the plaintiff in this suit was a Quaker, or conscientiously scrupulous of taking an oath, nor that the affirmation was made in due form according to the requirements of law. Rev. Sts. *c.* 94, § 9. But it is sufficient that the magistrate has certified on his official responsibility that the party was " affirmed." The presumption is that it was done according to law. It is not necessary that the certificate of the oath or affirmation should state fully the manner in which the magistrate administered the oath or took the affirmation. It is a compliance with the statute, if it appears in substance that the facts necessary to give jurisdiction to this court were supported by an oath or affirmation. *Farrar* v. *Parker,* 7 Met. 43. Such is the case here.

*Motion to dismiss overruled*